IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL RESIDENT MATCHING PROGRAM,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ELECTRONIC RESIDENCY LLC, et ano.,  )<br>)<br>Defendants.  )<br>) | Civil Action No. 1:09CV00344<br>(PLF) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR IMMEDIATE DISCOVERY**

**Introduction**

Defendants Electronic Residency LLC ("ER") and Match A Resident Inc. ("MAR") oppose plaintiff's motion for immediate discovery. The principal reason for this opposition is that ER and MAR have already offered to provide the plaintiff with *more than* the relief it seeks in its motion for a preliminary injunction. Electronic Residency and MAR are willing to do so because, contrary to plaintiff's allegations, their businesses do not rely on the National Resident Matching Program's ("NRMP") Unfilled List. Thus, expedited discovery is not necessary or reasonable. Moreover, plaintiff's urgency is entirely of its own making. According to the Complaint and the Motion for a Preliminary Injunction, plaintiff has known about ER and MAR for at least the last year. Plaintiff's failure to act in a timely fashion to address its (unwarranted) suspicions about the defendants before the eleventh hour not only eviscerates its plea of irreparable harm, but also should deprive it of the ability to throw the defendants and this court into a last-minute fire drill.

**The Defendants and Their Businesses**

ER and MAR are tiny companies based in Ohio that were created to fill a demonstrable need felt by prospective residents for guidance and assistance in the matching process. MAR has build a database of information about residency programs that contains extensive information about the requirements and nature of over 2600 residency programs around the country. It is a subscription service that helps prospective residents focus their search on particular programs that would be best for them. MAR has developed its database through its own efforts to reach out to each of these programs to obtain information—it does not use any information from NRMP to build its database.

ER is a separate business that assists prospective residents in delivering relevant information about themselves to residency programs to which they wish to apply. Via fax and email, it arranges for targeted distribution of a one-page sheet of information about prospective residents to the programs those prospective residents have selected.[1] These faxes and emails are generally sent immediately upon the opening of the so-called "scramble" period—for example, last year beginning at noon on March 16, 2008—at the same moment the Unfilled List becomes available.[2]

---

[1] ER encourages its clients to use a one-page format in order to avoid sending voluminous faxes or emails. If a program sees from the one-page summary that the applicant is qualified, it can follow up and obtain more information.

[2] Thus, simply as a practical matter, it would be impossible for ER to do what NRMP alleges in the Complaint—use the Unfilled List to determine where its clients should apply. Since faxes and emails were queued up and ready to go before the times that Dr. Musa allegedly accessed the NRMP site, it would have been impossible for ER to obtain the List, enter the data on the List, and then arrange for all of the faxes and emails to go out.

**Argument**

**A.     The Defendants Have Already Offered the Plaintiff More Relief
        Than It Could Obtain Through a Preliminary Injunction,
        So There Is No Reason To Accelerate Discovery**

Because neither ER nor MAR rely upon the Unified List to provide their services to prospective residents, it has offered to agree to the relief NRMP seeks in its application for a preliminary injunction—they will agree not to use or seek to obtain access to the Unfilled List this year.  In addition, although he has not been named as a party in the case, the principal of the defendants, Dr. Zahran Musa, has offered to agree that NRMP can withdraw his right to access to the Unfilled List this year and that he will not seek to obtain or in any way use that List.  The defendants have also offered to demonstrate to NRMP how they run their businesses to show that they do so without resort to the Unfilled List.  See Wilson Letter to Wasserman dated March 5, 2009, attached as exhibit A.

Accordingly, there is no need for a resort to expedited discovery.  Plaintiffs can obtain the relief they seek and this case can proceed (if at all) on a normal schedule.

**B.     NRMP Has Created The Urgency That It Now Seeks To Use
        To Burden The Defendants**

Expedited discovery should be denied for the additional reason that the supposed urgency plaintiff claims here is entirely of its own making.  According to the Complaint, NRMP has known about the defendants and their business for at least one year.  For several years, it permitted Dr. Musa to pay a fee and register for access to its database, even though it now claims that he is not qualified to receive the list and that his access to the list constituted a breach of contract.  Nonetheless, for reasons known only to them, NRMP chose not to rescind Dr. Musa's rights to access.  They then waited until a little more than three weeks before the "scramble" to file this lawsuit, not serving the defendants until three days later.  Defense counsel was formally

retained one week later (Tuesday, March 3, 2009)—not an unreasonable delay given that these small companies do not regularly retain counsel and they lack any presence in the District of Columbia.  Whatever plaintiffs intent was in waiting so long, it has sought to gain an advantage by giving the defendants little time to mount their defense.[3]  Plaintiff should not be permitted to use to its own advantage its failure to take action promptly.

**C.      Plaintiff Has Failed To Meet Its Burden of Pleading Jurisdiction**

Discovery on jurisdiction should also be denied because the plaintiff has failed to plead facts to support its conclusory contention that there is jurisdiction over these defendants. Plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Atlantigas Corp. v. Nisource, Inc.,* 290 F. Supp. 2d 34, 42 (D.D.C. 2003).  In order to meet this burden, plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations.  *Id.*   Here, NRMP has alleged only: "Personal jurisdiction over Defendants is proper in this District."  Complaint ¶ 7.  Plaintiff must have some factual basis to make this allegation but it has not alleged any.  It should not be permitted to make allegations for which it has no basis and then seek discovery to be able to determine if there is a basis.

**D.      To The Extent Any Discovery Is Ordered, It Should Be Subject To A
            Protective Order and Defendants Objections Should Be Preserved**

While the claims NRMP asserts against these defendants are without merit, it is not a considerable leap to infer from the papers filed in this case that NRMP would like to see ER and MAR disappear.  Thus, to the extent any discovery is ordered as a result of this motion or at any

---

[3]  Defense counsel left voice mail messages for plaintiff's counsel on two occasions before the retention was finalized, seeking to discuss the case.  Plaintiff's counsel responded with a letter declining to discuss the matter until the retention was finalized.  Exhibit B hereto.  Following discussions between counsel on the date after defense counsel was retained, plaintiff's counsel asked that the parties agree to a briefing schedule on the application for a preliminary injunction.  The parties' counsel discussed the matter again with the Judge's clerk, agreeing that defendants would file this opposition on March 5 and would follow up with a call to the clerk the next day to discuss scheduling issues.  Plaintiff's counsel then wrote another letter noting the 5-day response time provided by the local rule and contending that the defendants are in violation of that rule.  Exhibit C hereto.

other time, any information must be subject to confidentiality restrictions so that it is used only for purposes of this case.  Thus, if the Court orders discovery, defendants request that they be permitted to redact the names of any of their clients (leaving information on their location), and that the parties enter into a stipulated protective order that limits the use of any information.  Should this matter proceed, NRMP presumably would like to have the same sort of protection.

Finally, NRMP asserts without support that the discovery it seeks in connection with this motion is reasonable and not burdensome.  Since counsel has only begun to work with the defendants and at this point does not know what will be entailed to try to gather information, defendants request that any order that discovery occur not be construed as preempting defendants from demonstrating with specific facts why a particular request might impose an undue burden.

Respectfully submitted,

/s/ David A. Wilson
David A. Wilson (DC Bar No. 430400)
Thompson Hine LLP
1920 N Street, NW
Suite 800
Washington, DC 20036
Telephone:  202-331-8800
Facsimile:  202-331-8330

*Counsel for Defendant Electronic Residency LLC and Match A Resident Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on this 5th day of March, 2009, a copy of **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR IMMEDIATE DISCOVERY** was filed electronically and service upon parties listed below will be done via email and through the Court's electronic filing system, to:

    Mark W. Wasserman
    Matthew R. Sheldon
    Tamra B. Ferguson
    3110 Fairview Park Drive
    Suite 1400
    Falls Church, VA 22042
    Telephone: 703-641-4200
    Fax: 703-641-4340

    *Counsel for Plaintiff National Resident Matching Program*

                              /s/ David A. Wilson
                            David A. Wilson (Bar No. 430400)